UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT WILSON,

                    Petitioner,                **DECISION AND ORDER**

v.

                                                10-CV-00044(S)(M)

WILLIAM LEE, Superintendent,
Green Haven Correctional Facility,

                    Respondent.
_____

        This action has been referred to me by Order of Hon. William M. Skretny for all proceedings necessary to a determination of the factual and legal issues presented and to prepare and submit a Report and Recommendation [21].[1] Before me are petitioner's motions for appointment of counsel [14 and 15] and to stay proceedings [23]. For the following reasons, I order that petitioner's motions be denied, without prejudice.

**BACKGROUND**

        Petitioner is serving a sentence of imprisonment from his conviction in Yates County Court on July 31, 2007 of promoting prison contraband in the first degree. He was sentenced as persistent felony offender. Pursuant to 28 U.S.C. §2254, petitioner seeks a writ of habeas corpus vacating his conviction, on the following grounds: (1) the evidence was legally insufficient and the verdict was against the weight of the evidence, (2) he was denied effective assistance of trial counsel, (3) he was penalized for exercising his right to trial, (4) the

---

    [1]      Bracketed references are to the CM/ECF docket entries.

discretionary persistent felony offender statute (NY Penal Law §70.10) is unconstitutional, (5) his sentence was harsh and excessive, and (6) the court erred in failing to comply with the procedural requirements of the persistent felony offender statute.   Petition [1].

## ANALYSIS

A.   **Motions for Appointment of Counsel**

"It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding . . . ; rather the appointment of counsel . . . is a matter of discretion."  Bligen v. Woughter, 2010 WL 779330, *1 (S.D.N.Y. 2010) (*citing* Wright v. West, 505 U.S. 277, 293 (1992)).  Thus, "in determining whether, in the interest of justice, counsel should be appointed for a habeas petitioner, the Court considers the same factors as it considers on counsel applications by indigent plaintiffs under 28 U.S.C. §1915".  McGrigg v. Killian, 2009 WL 536048, *1 (S.D.N.Y. 2009).

First, the court should "determine whether the indigent's position seems likely to be of substance." Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997).  Once it is determined that the claim meets the threshold merits requirement, the Court should consider a number of other factors, including (1) the nature of the factual issues the claim presents, and petitioner's ability to conduct an investigation of the facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) petitioner's apparent ability to present the case; (4) whether the legal issues involved are complex; (5) whether appointment of counsel would lead to a quicker and more just

determination of the case; and (6) petitioner's efforts to obtain counsel. *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause". Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Romero v. Napoli, 2009 WL 212415, *1 (S.D.N.Y. 2009) (*citing* Cooper, 877 F.2d at 174).

With these considerations in mind, I find that the standard for appointment of counsel has not been met. Petitioner seeks appointment of counsel because he is a layman and argues that he has "a good case" because the Second Circuit in Besser v. Walsh, 601 F.3d 163 (2d Cir. 2010) ruled New York State's persistent felony offender statute unconstitutional. [14], p. 1; Wilson Declaration [17], ¶¶3-5.

Petitioner's motions fail to demonstrate that he is unable to present any relevant facts or to understand his legal position. Similarly, petitioner's motions fail to demonstrate that the legal issues in his case are complicated, or that appointment of counsel would lead to a more just determination. Petitioner is free to move to for an extension, as he has done in the past, if his lack of familiarity with the law inhibits his ability to meet any court imposed deadlines in this case.

Whether petitioner's claims "seem[] likely to be of substance" is only one of factors to be considered in appointing counsel. Without commenting on the ultimate merits of the petition, I note that following <u>Besser</u>, the Second Circuit, on rehearing *en banc*, held that the persistent felony offender statute (NY Penal Law § 70.10) was not violative of the Sixth Amendment. <u>Portalatin v. Graham</u>, 624 F.3d 69, 90-94 (2d Cir. 2010)[2]; <u>Young v. Conway</u>, __F.Supp.2d__, 2011 WL 240578, *19 (W.D.N.Y. 2011)(Bianchini, M.J.).

Therefore, at this time, I find that the interests of justice do not necessitate the appointment of counsel in this case, and petitioner's motions for appointment of counsel are denied, without prejudice to renewal. It remains petitioner's responsibility to retain an attorney or to prosecute this action *pro se*. In order to assist petitioner in pursuing this case *pro se*, the clerk of court is directed to send petitioner the court's booklet entitled "*Pro Se* Litigation Guidelines".

**B.     Motion to Stay**

Petitioner moves to hold his petition in abeyance while he applies to the New York State Court of Appeals for reconsideration of the denial of his application for leave to appeal [23], pp. 1-2. However, petitioner has since advised that his motion for reconsideration was denied and "at this point . . . [he] will not put any further motions in" [26], p. 1. Based upon this representation, petitioner motion to stay is denied as moot.

---

[2]     Petitions for *Certiorari* were filed on January 14, 2011.

## CONCLUSION

For these reasons, petitioner's motions for appointment of counsel [14 and 15] and to stay [23] are denied, without prejudice. The clerk of court is directed to send petitioner the court's booklet entitled "*Pro Se* Litigation Guidelines".

**SO ORDERED**.

Dated: March 29, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge