UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT WILSON,

                        Petitioner,

        -vs-

WILLIAM LEE,

                        Respondent.

**No. 10-CV-0044(MAT)**
**DECISION AND ORDER**

## I.  Introduction

Pro se petitioner Robert Wilson this petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254 challenging the
constitutionality of his conviction, after a jury trial, of
Promoting Prison Contraband in the First Degree, for which he
received a persistent felony offender sentence of 20 years to life.

Wilson claims (1) the evidence was legally insufficient to
prove beyond a reasonable doubt that petitioner possessed
"dangerous contraband," a required element of the crime of
promoting prison contraband in the first degree (Penal Law
§§ 205.25(2); 200.5(4)); (2) the verdict was against the weight of
the evidence; (3) he was denied the effective assistance of trial
counsel; (4) he was penalized for rejecting the pre-trial plea
offers and exercising his constitutional right to a jury trial and
vindictively sentenced; (5)(a) the sentence was excessive; (5)(b)
the sentence was disproportionate to the crime, in violation of the
Eighth Amendment's prohibition against cruel and unusual
punishment; (6) his sentence as a persistent felony offender

-1-

pursuant to Penal Law §§ 70.10 was in violation of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000); and (7) the sentencing court failed to comply with the procedural requirements, as set forth in the discretionary persistent felony offender statue, N.Y. Penal Law § 70.10.

For the reasons that follow, the petition is dismissed. In addition, Wilson's motion to stay the petition is denied with prejudice.

## II. Claims That Are Not Cognizable on Federal Habeas Review

### A.   Verdict Against the Weight of the Evidence (Claim 2)

Wilson's "weight of the evidence" claim derives from New York Criminal Procedure Law ("C.P.L.") § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. Crim. Proc. Law § 470.15(5). Thus, a "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (N.Y. 1987).

Since a "weight of the evidence claim" is purely a matter of state law, it is not cognizable on habeas review. See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of

"the Constitution or a federal law or treaty"); <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991)("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

**B.   Harsh and Excessive Sentence (Claim 5)**

A federal habeas court has no power to reduce a sentence that falls within the range authorized by state law because it does not present a federal constitutional question. <u>See</u> <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992) (citing <u>Underwood v. Kelly</u>, 692 F. Supp. 156 (E.D.N.Y. 1988), <u>aff'd</u> <u>mem.</u>, 875 F.2d 857 (2d Cir. 1989)); <u>see</u> <u>also</u> <u>Bellavia v. Fogg</u>, 613 F.2d 369, 373-74 & n. 7 (2d Cir. 1979) (declining to hold that a mandatory sentence imposed pursuant to statute constituted cruel and unusual punishment as sentencing statue is properly the province of the state legislature).

Here, Petitioner does not and cannot contend that his sentence falls outside of the prescribed statutory range.  <u>See</u> N.Y. Penal Law § 70.10(2). Because the sentence was within the statutory range allowed under state law, Petitioner's excessive sentence claim fails to present a federal constitutional issue that may be decided by this Court. See <u>White</u>, 969 F.2d at 1383.

**III. Exhaustion**

Before a federal court may consider the merits of a habeas claim, a petitioner is first required to exhaust his available

state court remedies. See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); accord Daye v. Attorney Gen'l of N.Y., 696 F.2d 186, 190-91 (2d Cir. 1982) (en banc).

To properly exhaust a habeas claim, a petitioner is required to present that claim to each available level of the state courts. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (a habeas petitioner must invoke "one complete round of the State's established appellate review process"). The petitioner also must have fairly presented the federal nature of his claim to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

### A. The "insufficiency of the evidence" claim is exhausted but the remaining claims are unexhausted.

Respondent concedes that Claim 1, which attacks the legal sufficiency of the evidence, is exhausted. However, Respondent argues, Petitioner's remaining claims are unexhausted. Although Petitioner raised those identical claims in his Appellate Division brief, he failed to raise them in his leave application to the New York Court of Appeals. In appellate counsel's letter, the only claim discussed as a basis for granting leave was the legal insufficiency claim. See Leave Letter, Respondent's Ex. D ("Permission to appeal is based on our contention that the evidence

-4-

was legally insufficient to convict appellant . . . ."). As Respondent argues, Wilson thereby abandoned his remaining claims on appeal. <u>See Ramirez v. Mann</u>, 280 F.3d 87, 97 (2d Cir. 2001) ("References to attached briefs without more will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting leave to appeal."); <u>see</u> <u>also</u> <u>Jordan v. Lefevre</u>, 206 F.3d 196, 198-99 (2d Cir. 2000) (concluding "that arguing one claim in his letter while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction.").

**B.  The claim of ineffective assistance (Claim 3) should be "deemed exhausted" but procedurally defaulted.**

Petitioner's claim of ineffective assistance of trial counsel (Claim 3) should be "deemed exhausted" but procedurally defaulted. "[W]hen 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" federal habeas courts also must deem the claims procedurally defaulted." <u>Aparicio v. Artuz</u>, 269 F.3d 78, 90 (2d Cir. 2001)(citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991). Courts will not review the merits of a procedurally defaulted claim unless the petitioner can show

(1) cause for the default and actual prejudice resulting therefrom; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. Aparicio, 269 F.3d at 91.

It is true that "New York courts have held that some ineffective assistance claims are 'not demonstrable on the main record' and are more appropriate for collateral or post-conviction attack, which can develop the necessary evidentiary record." Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir.1983) (quotation and citation omitted)). Here, however, appellate counsel did raise an argument concerning trial counsel's performance on direct appeal; however, the claim was not included in the leave application. The Appellate Division dismissed the claim on the merits.

Petitioner cannot seek leave to appeal this claim in the New York Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Court Rules § 500.20(a)(2) (providing in relevant part that "only one application is available [for leave to appeal to the Court of Appeals in a criminal case]"). If he were to raise it in a motion to vacate, it would be mandatorily dismissed under C.P.L. § 440.10(2)(a) because it was previously determined on direct appeal.

The procedural bar that results in the constructive exhaustion of the claim also creates a procedural default. See Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). Wilson cannot avoid such a

default because he is unable to show cause for the default and prejudice resulting therefrom, or that this Court's refusal to hear the claim would result in a fundamental miscarriage of justice.

### C. The sentencing claims (Claims 4, 5(b), 6, and 7) should be "deemed exhausted" but procedurally defaulted.

New York's procedural rules bar Petitioner from now attempting to raise his claims of vindictive sentencing (claim 4); Eighth Amendment disproportionality (Claim 5(b)); violation of Apprendi (Claim 6); and failure to comply with statutory sentencing procedures (Claim 7). Petitioner cannot seek leave to appeal these claims in the New York Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Court Rules § 500.20(a)(2).

Moreover, these sentencing claims would not be reviewable in a motion to set aside the sentence under C.P.L. § 440.20 because the claims would be subject to a mandatory procedural bar. C.P.L. § 440.20(2) requires denial of a C.P.L. § 440.20 motion where the issue was previously determined on the merits on appeal and there has been no retroactive change in the relevant law at the time the appeal was decided. The sentencing issues were decided adversely to Petitioner by the Appellate Division, his original appeal, and there has been no retroactive change in the law.[1]

---

[1]

    The Court notes that the claims relating to the persistent felony offender statute (claims 6 and 7) must also be denied on the merits because the Second Circuit has now determined that New York's persistent felony offender statute is

As with the ineffective assistance claim, the procedural bar that results in the constructive exhaustion of the sentencing claims also creates a procedural default. Because Wilson is unable to show cause for the default and prejudice resulting therefrom, or that this Court's refusal to hear the claims would result in a fundamental miscarriage of justice, they are subject to an unexcused procedural default.

## III. Merits of the Petition's Exhausted Claim

### A.   Legal Insufficiency of the Evidence (Claim 1)

A petitioner "'bears a very heavy burden'" when challenging the legal sufficiency of his state criminal conviction. Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002) (quotation omitted). Habeas relief is not warranted unless "it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). In considering the sufficiency of the evidence, a federal habeas court "must view the evidence in the light most favorable to the prosecution . . . and decide whether the record is 'so totally devoid of evidentiary support that a due process issue is raised.'" Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994) (quotation omitted)). A federal habeas court must defer to the fact-finder with regard to

---

not a violation of Apprendi. See Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010) (en banc).

"assessments of the weight of the evidence or the credibility of the witnesses . . . ." <u>Maldonado v. Scully</u>, 86 F.3d 32, 35 (2d Cir. 1996) (citation omitted).

In a legal-insufficiency analysis, the review court looks to state law to determine the elements of the crime. <u>Jackson</u>, 443 U.S. at 324 n. 16. Under New York law, a person is guilty of promoting prison contraband in the first degree when "[b]eing a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any dangerous contraband." N.Y. Penal Law § 205.25(2). Dangerous contraband "means contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein." N.Y. Penal Law § 205.00(4). Items that may facilitate an inmate's escape from a facility qualify as dangerous contraband. <u>People v. Finley</u>, 10 N.Y.3d 647, 657 (N.Y. 2008).

The prosecution presented ample evidence that Petitioner possessed "dangerous contraband" for purposes of the Penal Law. Petitioner was caught in the act as he attempted to conceal a hand-drawn map of the jail's recreation yard in a visitor's back pocket, and he also confessed to doing so.  In response to questioning about the purpose of the map, Petitioner stated that he did not want to go back to prison because prison made him feel "dead inside" and his sentence was not due to expire until 2011. Petitioner also stated that the map was "for later," so that the

visitor could bring him something, and he "could tell her what to do."

It is beyond debate that a reviewing court must defer to the trier-of-fact's assessments of witness credibility and may not substitute its judgment for that of the jury. E.g., United States v. Vasquez, 267 F.3d 79 (2d Cir.2001) ("The jury chose to believe the witnesses' testimony despite any inconsistencies. We will defer to the jury's assessment of credibility.") (citation omitted). Thus, to the extent that Petitioner repeats arguments about the witnesses' credibility already made to the trier-of-fact, these claims are beyond the habeas court's purview. See, e.g., Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (noting that the federal habeas statute "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them").

## IV. The Motion to Stay

Petitioner has requested a stay of the petition to allow him to return to state court to exhaust an unexhausted ineffective assistance of appellate counsel claim. Petitioner argues that his appellate counsel was ineffective based upon the failure to argue that (1) trial counsel unreasonably failed to challenge the prosecution's C.P.L. § 710.30 notice because it purportedly did not "match" the notes of the "investigator"; and (2) the adjudication of Petitioner as a persistent felony offender was erroneous because

it was based upon out-of-state felonies that supposedly were only misdemeanors under New York law.

The Court agrees with Respondent that the motion to stay must denied because Petition cannot establish "good cause." See Rhines v. Weber, 544 U.S. 269. 277 (2005)("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."). Petitioner has not provided any justification for his failure to exhaust his ineffective assistance of appellate counsel claims earlier in state court, other than that he did not know they were unexhausted.   The absence of "good cause" for the failure to exhaust is fatal to Wilson's ability to fulfill the Rhines standard. Accord, e.g., Mills v. Girdich, 614 F. Supp.2d 365, 379 (W.D.N.Y. 2009).

Moreover, as discussed in Respondent's opposition to the stay motion (Docket No. 30), the unexhausted claims claims are plainly meritless.  Therefore, it would not be an appropriate exercise of discretion to grant a stay in this case. See Rhines, 544 U.S. at 277-78 (instructing that "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless").

**V.    Conclusion**

For the reasons stated above, Robert Wilson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Wilson has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2). Wilson's Motion for a Stay (Docket No. 28) is denied with prejudice.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:    June 23, 2011
          Rochester, New York

-12-